NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-414

MICHAEL L. GLASS

VERSUS

CITY OF OBERLIN

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2011-198
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED.

Errol David Deshotels
Deshotels, Mouser & Deshotels
P. O. Box 399
Oberlin, LA 70655-0399
(337) 639-4309
COUNSEL FOR DEFENDANT APPELLEE:
        City of Oberlin

**Wilbert Joseph Saucier, Jr.**
**Attorney at Law**
**2220 Shreveport Highway**
**Pineville, LA 71360**
**(318) 473-4146**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Michael L. Glass**

**SAUNDERS, J.**

This is an appeal of a dismissal for no cause of action involving a criminal appeal brought as a civil action.

**FACTS AND PROCEDURAL HISTORY:**

On April 21, 2011, Plaintiff-Appellant Michael L. Glass was found guilty of a speeding citation in Oberlin's Mayor's Court presided over by Oberlin's newly-elected mayor, Rick Smith. Mr. Glass was fined $130.00 for speeding.

Rather than appealing the criminal conviction and receiving a trial de novo in the 33rd Judicial District as authorized by La.R.S. 13:1896(A)(1), Appellant brought a civil suit alleging he was illegally convicted of speeding and named the town of Oberlin as defendant. He titled his petition in district court as "PETITION TO QUASH AND VACATE ILLEGAL CONVICTION AND SENTENCE OR ALTERNATIVELY, FOR APPEAL FROM CONVICTION."

The town of Oberlin filed an exception of no cause of action, as well as objections to various interrogatories and requests for document production. The trial court granted Oberlin's exception of no cause of action, but failed to dismiss Plaintiff's claim or allow amendment of the claim pursuant to La.Code Civ.P. art. 934.

Mr. Glass appealed the trial court's findings to this court. This court issued a rule ordering Plaintiff-Appellant to show cause as to why his appeal should not be dismissed as having been taken from a non-appealable interlocutory order. It held the trial court's judgment was not clear and did not constitute a final appealable judgment. This court, therefore, lacked jurisdiction to review the matter. Mr. Glass' appeal was dismissed and remanded to the trial court for reformation of the judgment.

An amended judgment was released by the trial court. The trial court granted the exception of no cause of action and dismissed the civil suit without prejudice. The criminal appeal included in the civil suit was transferred to the criminal docket for the 33rd Judicial District Court, Allen Parish, where subject matter jurisdiction was appropriate.

Mr. Glass then appealed the granting of the exception of no cause of action in the civil suit to this court.

## ASSIGNMENTS OF ERROR:

On appeal, Mr. Glass sets forth the following assignment of error:

1. The trial court erred by dismissing Appellant's petition seeking redress from the illegal conviction in mayor's court.

## LAW AND ANALYSIS:

In naming the town of Oberlin as defendant, and alleging a violation of due process, it appeared as though Appellant brought a civil suit. However, the petition was titled as though it were an appeal from the criminal proceeding as it referenced quashing and vacating the illegal conviction or, alternatively, appealing from the conviction.

The proper procedure for an appeal from Mr. Glass' criminal conviction in mayor's court would be a trial de novo in district court. District courts have appellate jurisdiction over all appeals from a mayor's court where a person has been subjected to imprisonment or a forfeiture of rights or property. La.R.S. 13:1896(A)(1). Appellant's issues of due process and illegal conviction could be brought in said trial de novo.

Appellant brought a civil action against the town of Oberlin dealing with the criminal conviction, rather than following the correct procedural avenues laid out

for his criminal conviction appeal. Appellant improperly filed a civil rather than bringing an appeal to criminal court. The motion to quash and issues of due process would be heard at that time in that court.

Correct procedure is to be followed, as otherwise, whenever an unfavorable result is found that a would-be appellant dislikes, he/she would bring a civil suit against that court instead. Criminal procedural protocol exists to catch errors to avoid civil suits such as this. We find that the case before us is a criminal matter because it involves the prosecution of a criminal offense. As such, the roadmap laid out in La.R.S. 13:1896(A)(1) and the Code of Criminal Procedure must be adhered to.

## CONCLUSION:

The trial court's dismissal for no cause of action is affirmed.

Costs of this appeal are assessed to Michael L. Glass.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2–16.3.

3